104 F.3d 350
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Renso MARMOLEJOS, Defendant-Appellant.
 No. 96-1082.
 United States Court of Appeals, Second Circuit.
 Sept. 26, 1996.
 
 Appearing for Appellant: Allan N. Taffet, Paradise & Alberts, New York, NY.
 Appearing for Appellee: Y. Hui Chen, Assistant United States Attorney for the Eastern District of New York, Brooklyn, NY.
 Present MESKILL, WINTER, CABRANES, Circuit Judges.
 
 
 1
 Renso Marmolejos appeals from the sentence imposed by Judge Sifton after Marmolejos pleaded guilty to conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii)(II). He was sentenced to 48 months imprisonment, followed by three years supervised release and a $50 special assessment. He is currently serving his sentence.
 
 
 2
 Marmolejos argues that his attorney provided constitutionally ineffective assistance because he failed to bring up certain mitigating factors at sentencing so as to maximize any downward departure under the Sentencing Guidelines. We find that Marmolejos waived his right to appeal on this ground and affirm.
 
 
 3
 Marmolejos's plea agreement states that: "[t]he defendant agrees not to appeal in the event that the court imposes a sentence within or below the range of imprisonment set forth in paragraph 2"--paragraph 2 estimates his guideline range to be 70-87 months. Because the 48-month sentence he received falls well below the specified range, Marmolejos's plea agreement bars this appeal. See United States v. Jacobson, 15 F.3d 19, 22 (2d Cir.1994) ("agreement not to appeal a sentence within the agreed Guidelines range is enforceable") (citing cases).
 
 
 4
 We therefore affirm.